UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

NELSON J. GUILLORY, ET AL.                CIVIL ACTION NO. 06-0424

versus                                     JUDGE HICKS

INDUSTRIAL CONTAINER                       MAGISTRATE JUDGE HORNSBY
SERVICES, ET AL.

## MEMORANDUM ORDER

Nelson Guillory and his wife ("Plaintiffs") filed this suit in state court based on allegations that Mr. Guillory was injured during his employment by Exide Technologies, Inc. when a barrel fell from a stack and struck him in the back of the head. The first paragraph of the petition names Industrial Container Services as defendant, and the prayer asks for judgment against that one defendant. The petition contains a reference in paragraph 3 to Exide Technologies, Inc. as a defendant, but that appears to be a clerical mistake. Exide is not otherwise listed as a defendant, and the request for service at the end of the petition lists only Industrial Container Services. Accordingly, it appears that Industrial Container Services is the sole defendant.

Industrial Container Services-S.C.I.I., L.L.C. ("ICS") removed the case based on an assertion of diversity jurisdiction. It appears that the allegations in the petition are adequate to satisfy ICS's burden of establishing that more than $75,000 is in controversy, but ICS may wish to amend its notice of removal to add more specific facts about the nature and extent

of Plaintiff's injuries, medical expenses and other losses if it wishes to ensure against a different judge or reviewing court having a different opinion.

With respect to the citizenship of the parties, Plaintiffs allege that they are domiciled in Louisiana, so they are Louisiana citizens for purposes of diversity jurisdiction. ICS alleges that it is a limited liability company, and it correctly states that such entities are considered citizens wherever their members are domiciled. ICS alleges that its sole member is another LLC, whose sole member is ICS Intermediate Holding Corp., "which is incorporated and located in Delaware." A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

ICS is directed to file an **Amended Notice of Removal** by **June 8, 2006** to specifically allege the state in which ICS Intermediate Holding Corp. has its principal place of business. The citizenship of an entity must be alleged "distinctly and affirmatively." Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir. 1988). The assertion that ICS is "located" in Delaware may not be sufficiently specific to satisfy the Fifth Circuit. The rules employed in this circuit for determining a corporation's principal place of business are set forth in J. A. Olson Co. v. City of Winona, 818 F.2d 401 (5th Cir. 1987).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 19th day of May, 2006.

                                                  MARK L. HORNSBY
                                      UNITED STATES MAGISTRATE JUDGE